UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00223

**Jerrodrick Campbell,**
*Plaintiff,*

v.

**Chinedu Atumah et al.,**
*Defendants.*

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, filed this civil-rights lawsuit under 42 U.S.C. § 1983. Doc. 10. The case was referred to a magistrate judge. Doc. 4. The magistrate judge issued a report and recommendation that defendant McLain's motion to dismiss (Doc. 13) be granted. Doc. 21 at 9.

Plaintiff timely objected to the report. However, due to a clerical error, the objections were mistakenly docketed as an attachment to plaintiff's notice of initial disclosure. *See* Docs. 22, 22-3. Plaintiff later filed another set of objections (Doc. 24), but that submission was untimely.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that

there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

As an initial matter, the court will not consider plaintiff's second set of objections as those objections are untimely (Doc. 22). *See* 28 U.S.C. § 636(b); *see also U.S. Bank Trust Nat'l Assoc. v. Walden*, 124 F.4th 314, 320 (5th Cir. 2024) ("Under Federal Rule of Civil Procedure 72, a party has 14 days to file objections to the proposed findings and recommendations of the magistrate judge.").

In his first set of objections, plaintiff attached an "initial disclosure" exhibit documenting his alleged sick call and a mental health treatment form. The court will not consider this attachment because plaintiff attempts to present this evidence for the first time in his objections to the report.

Plaintiff's objections assert that he "has stated a claim," that the court should "reach the merits of his claims," and for "a liberal construction of his pleading." Doc. 22-3 at 1. Plaintiff adds that because of defendant McLain's inaction, defendant "Atumah was allowed to use 'excessive force.'" *Id.* at 1–2. Plaintiff also argues that he has alleged a retaliation claim against defendant McLain, who after this incident "wrote against" plaintiff. *Id.* at 2. Plaintiff objects to the recommendation that the magistrate judge issued, but not the merits or the legal basis underpinning the recommendation. As such, the objections are improper and are overruled.

Furthermore, plaintiff's failure-to-supervise claim against defendant McLain, in McLain's individual capacity, does not state a claim upon which relief may be granted. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987) ("Under [§] 1983, supervisory officials are not liable for the actions of subordinates" unless the supervisor was personally involved in the constitutional deprivation or there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

Having reviewed the report de novo and finding no error, the court accepts the report's findings and recommendations.

Defendant McLain's motion to dismiss (Doc. 13) is granted. Plaintiff's individual capacity claims against McLain are dismissed with prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (dismissal with prejudice is appropriate when plaintiff had opportunity to amend and "alleged his best case"). Plaintiff's claims against defendant Atumah in his individual capacity and defendants Atumah and McLain in their official capacity remain pending.

*So ordered by the court on September 29, 2025.*

J. CAMPBELL BARKER
United States District Judge